IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BRADLEY W. MONICAL,

        Plaintiff,

    v.

MARION COUNTY, SHERIFF-JASON
MYERS, MARION COUNTY JAIL
COMMANDER-TAD LARSON,
KEEFE COMMISSARY NETWORK LLC,
DEPUTY STRAUS, DEPUTY DUNNBARR,
DEPUTY FRIEZE, DEPUTY MCGOWAN,
DEPUTY KNOSPE, and CINDY GAGE,

        Defendants.

Case No. 6:18-cv-00103-YY

ORDER

YOU, Magistrate Judge.

Plaintiff, an adult in custody at the Oregon State Penitentiary, has brought a civil rights

action pursuant to 42 U.S.C. § 1983.  This order resolves several discovery motions that are

pending in this case.

**I.       Plaintiff's Second Motion to Compel (ECF No. 60)**

Plaintiff moves to compel defendants to respond to his requests for production in a format

that is accessible to him, *i.e.*, with paper copies instead of the read-only CD previously provided

to plaintiff.  Defendants represent they have now provided responses to plaintiff's requests in the

paper format requested.

1 - ORDER

Plaintiff also moves to compel defendants to respond to 25 interrogatories per individual. Defendants note that plaintiff's interrogatories were initially each directed to all defendants, but given plaintiff's assertion that he intended to pose interrogatories to individual defendants, they have now provided amended, verified interrogatory responses. Defendants continue to object to certain specific interrogatories as discussed below.

### A.    Motion to Compel Further Responses to Interrogatories

#### 1.    Sheriff Myers

##### a.    Interrogatory No. 4

Plaintiff asked Sheriff Myers to "Please describe the access detainee's and inmates have to the current U.S. District court of Oregon and U.S. 9th circuit court of appeals, historical case law for research for filing lawsuits." Sheriff Myers responded that he interacts with the jail on an oversight and policy level, and provided details regarding "access" that are within the confines of his personal knowledge. No further response can be compelled.

##### b.    Interrogatory No. 5

Plaintiff asked Sheriff Myers "how many hours a day inmates in C-5 pod are usually locked in their cells." Sheriff Myers responded that "Each inmate's level of restriction depends on multiple factors, including the inmate's individual circumstances and factors related to safety and security. Many factors go into deciding how many hours per day any given inmate is required to remain in their cell and no generic value of time could be reasonably provided in response to this inquiry." This answer was sufficiently responsive to plaintiff's vague and overly broad inquiry.

2 - ORDER

### c.    Interrogatories Nos. 7, 8, and 9

In Interrogatory 7, plaintiff inquired of Sheriff Myers "how much you have contracted Keefe Group, LLC Commissary services (or other vendor) to charge for postage pre-paid first class mail envelopes for 2015/2016." Interrogatories 8 and 9 also request information regarding the contract for jail commissary services.

The actual contracts have been provided to plaintiff. Therefore, no further response is required.

### d.    Interrogatories Nos. 10 and 11

In Interrogatory No. 10, plaintiff asks "[p]lease describe the MCCF policy that allows inmates to be issued thermal underwear during the winter months," and in Interrogatory No. 11, plaintiff asks "[p]lease describe the MCCF policy that takes away thermal underwear for the inmates housed in the disciplinary Delta section of the MCCF." Sheriff Myers responded, "There is no policy regarding the issuing of thermal underwear to inmates. As a practice, it is given to inmates to make the colder months more comfortable." These answers are responsive to plaintiff's inquiry.

### e.    Interrogatory No. 13

Plaintiff asks Sheriff Myers to "identify the Federal, State or County law or policy that allows the MCSO to profit from the sale of legal and mailing supplies for inmates legal access to the courts." This interrogatory is vague in its phrase "profit from the sale of." It also calls for a legal conclusion and asks Sheriff Myers to apply the law to the facts. Therefore, plaintiff's motion to compel a further response is denied.

3 - ORDER

   **f.**  **Interrogatory No. 14**

  Plaintiff asks Sheriff Myers to "identify the Federal, State or County law or policy that dictates the limits on how much a detainee or inmate can mail outside the jail if not 'legal mail.'" Sheriff Myers responded that "Policy 3405 – Inmate Mail is the policy addressing inmate mail at Marion County Jail." No further response is compelled.

   **g.**  **Interrogatory No. 15**

  In response to plaintiff's interrogatory, "Please describe the MCSO – MCCF formal detainee/inmate " Grievance "process. (IE. From the requesting of the grievance forms from the officer on duty to the appeal process to the office of the sheriff )," Sheriff Myers provided the grievance policy timeline. Thus, no further response is required.

   **2.**  **Nurse Cindy Gage**

  In Interrogatory No. 26, plaintiff asks Nurse Gage to "estimate the number of Slip and Fall injuries that you responded to or were aware of during the 2016 calendar year." As defendants note, this question is vague in that it does not define "slip and fall" or identify location. Additionally, Nurse Gage treats inmates and does not investigate the cause of their injuries. Accordingly, no further response is required.

  Gage has provided amended responses to Interrogatory Nos. 27 and 28. Therefore, the motion to compel as to those interrogatories is moot.

   **3.**  **Commander Larson and Sgt. Dunbar**

  Plaintiff has requested additional information in relation to interrogatories posed to Commander Larson and Sgt. Dunbar. Defendants provided plaintiff with printed versions of the

amended verified responses by Commander Larson and Sgt. Dunbar.  Therefore, this motion is moot.

**B.      Motion to Compel Further Responses to Requests for Production**

**1.      Plaintiff's First Request for Production**

**a.      RFPs Nos. 1 and 17**

Plaintiff's motion to compel further responses to Requests For Production Nos. 1 and 17 is denied, as these documents have been provided.

**b.      RFP Nos. 5, 6, 7, and 9**

Plaintiff requests policies that have been provided.  Accordingly, any further motion to compel is denied.

**c.      RFP No. 10**

Plaintiff requests "reports" showing the number of days that the C-5 unit or Marion County Jail was in lockdown between December 2015 to November 2016.  Defendants respond that no such records exist; therefore, the motion to compel is denied.

**d.      RFP Nos. 11 and 12**

In this request, plaintiff seeks copies of insurance and bonding company policies.  Defendant has responded that it has no such policies.  Therefore, no further response is required.

**e.      RFP No. 13**

Plaintiff seeks an index for Marion County Sheriff's Office policies and procedures.  Because defendants say no such document exist, the motion to compel is denied.

**f.    RFP No. 17**

Plaintiff requests a complete copy of his letters to the jail commander or any other staff while in custody.  Defendants located this document and provided it to plaintiff.

**g.    RFP No. 18**

In this request, plaintiff seeks a complete copy of his grievances.  These also have been provided to him.

**h.    RFP No. 22**

Here, plaintiff seeks "Full C-5 housing report of inmates located" in certain cells because they may be witnesses to a fall down the stairs.  He also seeks their last known addresses. Defendants explain that there is no such "housing report."  Defendants are not required to create a report that does not exist.

**i.    RFP No. 23**

Plaintiff's request for a copy of the commissary services contract has been fulfilled.

**2.    Plaintiff's Second Request for Production**

**a.    RFP No. 2**

Plaintiff requests copies of court orders.  These are public records.  Nevertheless, defendants have provided plaintiff with these documents.

**b.    RFP No. 3**

Plaintiff seeks "all the billing and payment for the 'Transport and Maintenance'" of plaintiff, specifically "all billing/payment information that the county paid the ODOC between 11/23/2016 and 08/08/2017 for [his] housing at the ODOC."  Plaintiff seeks this information to show who was "responsible for the care of [his] back injuries" while he was in ODOC custody

6 - ORDER

awaiting trial.  Plaintiff believes that "[i]f the county was paying the ODOC for these costs (due

to the plaintiff still being technically, by court order and law, still in the Marion county sheriff's

custody while being housed at the State facility) and the ODOC wasn't providing the care, then

likely the care and responsibility for not treating back injury would be the ODOC's and not the

counties [*sic*]."  Plaintiff contends these documents are "required to ensure that the proper parties

to this suit have been included."

Plaintiff has not identified the "law" under which defendants would be liable for the

quality of medical treatment that plaintiff received while incarcerated in ODOC.  Therefore, this

request is denied.

### c.      RFP Nos. 4, 5, 7, 8, and 9

Plaintiff seeks photographs, reports, and video related to the incidents that occurred on

November 1, 2016, for which he was convicted of attempted aggravated murder and other

charges.  Defendants respond that these items are exempt from disclosure pursuant to O.R.S.

192.345(3).

Under O.R.S. 192.345, certain public records are exempt from disclosure unless public

interest requires disclosure.  "[I]investigatory information compiled for criminal law purposes" is

one of those exemptions.  O.R.S. 192.345(3).  Accordingly, "[t]he record of an arrest or the

report of a crime shall be disclosed unless and only for so long as there is a clear need to delay

disclosure in the course of a specific investigation, including the need to protect the complaining

party or the victim."  *Id.*  Moreover, "[n]othing in this subsection shall limit any right

constitutionally guaranteed, or granted by statute, to disclosure or discovery in criminal cases."

*Id.*

7 - ORDER

Plaintiff already has been convicted of the crimes associated with these records. Therefore, the investigation has long been completed, and there is no "clear need to delay disclosure." In fact, it is likely these materials were not already disclosed to plaintiff as part of discovery in his criminal case. Thus, unless defendants can provide the court with additional information regarding how the exemption under O.R.S. 192.345(3) applies, plaintiff's motion to compel is GRANTED and these materials shall be provided to plaintiff within 14 days. Any material that is disclosed pursuant to this order may be redacted for addresses, dates of birth, and other similar personal identifying information.

### d.    RFP No. 6

In this request, plaintiff seeks copies of video recorded inside the C-5 unit on November 1, 2016, between 7 and 9 a.m. Defendants respond that no video footage exists.

### e.    RFP No. 10

Plaintiff seeks a comprehensive list of "incident reports" filed by staff labeled "unusual," "other," "slip and fall," and "accidentally/injury" between January 2014 and December 2016. This motion is denied, as it would require defendants to create a responsive document that does not exist.

### f.    RFP No. 11

Defendant have provided a copy of the documents responsive to this request, which pertains to the "most recent inspection" of the jail.

8 - ORDER

g.      **RFP No. 12**

In this request, plaintiff seeks a sample of the "300 inspections criteria/professional standards" adopted by the Marion County Sheriff's Office.  Again, defendants are not required to create documents that do not exist.

h.      **RFP No. 13**

Plaintiff seeks "a copy of the last inspection by the Department of Corrections, of the Marion County local corrections facility/lockup, under this law, with findings and recommendations."  This documentation has been provided to plaintiff.

## II.      Defendants' Motion to Compel (ECF No. 68)

Defendants move the court for an order requiring plaintiff to produce documents he identified as being in his possession in his answers to defendants' First Interrogatories, but which plaintiff failed to produce in his response to defendants' First Request for Production of Documents.  Defendants also contend plaintiff failed to verify his interrogatory responses and failed to sufficiently answer Interrogatory No. 1.

In response to defendants' motion, plaintiff states he has supplied defendants with copies of all of the documents requested with the exception of the declarations of named witnesses discussed in his response to Interrogatory No. 1 or "items that are not in my legal ability to supply."  Plaintiff contends he is unable to provide these documents to defendants due to mail restrictions on inmates in the custody of the Oregon Department of Corrections ("ODOC") pursuant to administrative rules.  The court notes that plaintiff does not assert any privilege or other basis to preclude production of these documents, but instead simply states that defendants will receive them when plaintiff files a dispositive motion.

Rule 34 of the Federal Rules of Civil Procedure provides that a party may serve on any other party a request "to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents." Fed. R. Civ. P. 34(a)(1)(a). Being mindful of plaintiff's *pro se* and incarcerated status, and the limitations on his ability to obtain and mail copies of documents to counsel under ODOC rules, the court GRANTS defendants' motion to compel to the extent that plaintiff shall make available for inspection and copying the declarations and other documents in plaintiff's possession that are responsive to defendants' discovery requests. It is incumbent on counsel for defendants to make the necessary arrangements with plaintiff's current custodian to facilitate this.

Finally, as to defendants' argument that plaintiff failed to "verify" his interrogatory responses, Federal Rule of Civil Procedure 33(b)(5) requires only that the person who makes the answers to interrogatories must sign them. As evidenced by Exhibit A to counsel's Declaration in support of the Motion to Compel, plaintiff did so.

### III.   Plaintiff's Motion for Extension of Discovery & PTO Deadlines (ECF No. 80)

Plaintiff seeks an extension of time to complete discovery and file dispositive pretrial motions. Defendants object to the first, but not the latter. The court GRANTS plaintiff's motion to extend time to complete discovery in that the parties have until January 18, 2021, to complete discovery. Dispositive motions, if any shall be filed by February 25, 2021.

### CONCLUSION

The court GRANTS IN PART plaintiff's Second Motion to Compel (ECF No. 60) and defendants' Motion to Compel (ECF No. 68) as explained in more detail in this Order. The motions are otherwise DENIED.

The court GRANTS plaintiff's Motion for Extension of Time (ECF No. 80).

Discovery shall be completed by January 19, 2021, and dispositive motions, if any, shall be

filed by February 25, 2021.

IT IS SO ORDERED.

DATED this 20th day of November, 2020.

    /s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

11 - ORDER