IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRADLEY W. MONICAL**, | Case No. 6:18-cv-103-YY |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MARION COUNTY**, *et al.*, | |
| Defendants. | |

Bradley W. Monical, Plaintiff *pro se*.

Curtis M. Glaccum, MARION COUNTY LEGAL COUNSEL, 555 Court Street NE, Suite 5242, PO Box 14500, Salem, OR 97309. Of Attorneys for Marion County Defendants

Vicki M. Smith, BODYFELT MOUNT, LLP, 319 SW Washington Street, Suite 1200, Portland, OR 97204. Of Attorneys for Defendant Keefe Commissary Network LLC.

**Michael H. Simon, District Judge**.

  Plaintiff Bradley W. Monical (Monical), representing himself, is an inmate currently incarcerated in the Oregon State Penitentiary. On January 16, 2018, he filed a civil rights lawsuit under 42 U.S.C. § 1983 against Marion County and individuals at the Marion County Jail (Jail) (collectively, Original Defendants) for incidents that occurred while he was at the Jail between December 16, 2015 and November 23, 2016. One of his claims alleged infringement of his First Amendment rights and access to courts because the Original Defendants allegedly overcharge for postage and paper. Monical later filed a Third Amended Complaint, adding Defendant Keefe

PAGE 1 – OPINION AND ORDER

Commissary Network LLC (Keefe), who runs the Jail commissary under contract with Marion County. Monical alleges that he must purchase a postage-prepaid envelope for $1.29 and purchase paper at $0.04 per page, which he alleges is excessive. He also alleges that indigent inmates are charged $0.54 and $0.01, respectively, and that the state prison only charges $0.58 for prepaid postage envelopes, which he contends shows the excessive profits obtained by Defendants at the expense of Monical's constitutional rights. Defendant Keefe moved to dismiss for insufficient service of process. U.S. Magistrate Judge Youlee M. You *sua sponte* issued an order to show cause why Monical's claims against Keefe should not be dismissed as untimely. Judge You then issued Findings and Recommendation recommending the undersigned dismiss Monical's claims against Keefe under the statute of limitations, deny as moot Keefe's motion based on service of process, and deny as moot Monical's motion for an extension of time to serve Keefe. For the reasons discussed below, the Court considers a new argument raised by Monical, declines to adopt the Findings and Recommendation, denies Keefe's motion on the merits, and denies Monical's motion as moot.

## PROCEDURAL BACKGROUND

Monical filed his original Complaint on January 16, 2018. The latest that his claims accrued was November 23, 2016, the last day he was incarcerated in the Jail. There is a two-year statute of limitations. Thus, the last day to file his claims was November 23, 2018. On March 24, 2018, Monical served discovery requests on the Original Defendants. The Original Defendants did not respond to the discovery requests. Instead, on June 8, 2018, they moved to stay the case, arguing that Monical's civil case would be affected by a pending criminal case in which Monical was alleged to have assaulted one of the Original Defendants. Monical filed a motion requesting leave to file a Second Amended Complaint, dismissing as a civil defendant the person Monical was accused of assaulting in the pending criminal case. Monical also opposed the motion to stay.

On June 14, 2018, Judge You set a briefing schedule for the Motion to Stay and noted she would take the motion under advisement on July 13, 2018. On August 13, 2018, Judge You granted the Motion to Stay. Judge You deferred ruling on Monical's motion for leave to file a Second Amended Complaint until after the stay was lifted.

On October 1, 2019, Judge You lifted the stay. On October 30, 2019, Judge You granted Plaintiff's motion to file the Second Amended Complaint. On December 12, 2019, Plaintiff moved to Compel, seeking a response to the discovery he had served on the Original Defendants on March 24, 2018 (under the prison mailbox rule, this motion technically was filed on December 5, 2019). Judge You denied the motion as moot based on the Original Defendants' response that they had responded to Monical's discovery requests on December 5, 2019, which is the same day that Monical had sent and served his motion to compel from prison (the Clerk of the Court did not receive and file the motion until December 12, 2019).

On January 28, 2020, Monical filed a motion for leave to file a Third Amended Complaint (under the prison mailbox rule, this motion technically was filed on January 24, 2020). Judge You denied that motion on February 19, 2020, for failing to include a copy of the proposed Third Amended Complaint. Monical filed a proposed copy of the Third Amended Complaint on February 21, 2020 (under the prison mailbox rule, it technically was filed on February 14, 2020). On March 9, 2020, Monical filed a new motion for leave to file the Third Amended Complaint after he received a copy of Judge You's order denying his previous motion (due to mail delivery times, Monical had sent the Third Amended Complaint before receiving Judge You's order denying his motion for failure to include a copy of the Third Amended Complaint). Monical's Third Amended Complaint named Keefe as a defendant, for the first time. Monical explained that he did not know that Keefe ran the commissary at the Jail that sells the

allegedly overpriced paper and postage prepaid envelopes until he reviewed the discovery provided in response to his March 2018 discovery requests, produced by Defendants in December 2019.

On March 26, 2020, Judge You granted Monical's motion for leave to file his Third Amended Complaint and issued an order directing the Clerk of the Court to issue process and the U.S. Marshals Service to conduct service. On April 6, 2020, the Clerk of the Court issued the summons for Keefe and forwarded the service documents to the Marshals. The summons was addressed to "Jim Perry or current President/CEO" of Keefe at 13369 Valley Blvd, Fontana, CA 92335. Monical stated that this is the contact information for Keefe that was in the documents produced in discovery. On May 5, 2020, the Marshals filed a "Process Receipt and Return" form as the proof of service form, noting that no proof of service form was in the package sent to the Marshals with the service documents. Although not specifically stated, it appears from this form that Mr. Perry was the person served. The form has a line to complete if a person other than the person listed is served and that line is blank. The person listed to be served, however, is "Jim Perry or current President/CEO," so it is not clear from the face of the form if Jim Perry or the current President/CEO was served by the Marshals. Keefe does not explain to the Court who was served by the Marshals. Keefe states that Mr. Perry no longer works for Keefe. Mr. Perry, however, works for a company affiliated with Keefe.

On May 20, 2020, Keefe filed a motion to quash the alleged service of summons and dismiss the claims against it on the grounds of insufficient service. Judge You then *sua sponte* ordered Monical to show cause why the claims against Keefe should not be dismissed as time barred. Monical responded to Judge You that the delays were caused by the Court's review of Monical's application to proceed *in forma pauperis* and Defendants' motion to stay, without

PAGE 4 – OPINION AND ORDER

providing any argument or any legal authority. In response to Keefe's motion to quash and dismiss, Monical argued that he properly served Keefe by having the Marshals serve a person identified in the documents produced in discovery as Keefe's Vice President, which Monical argued was sufficient service on an LLC because it was service on an officer. Monical filed a supplemental response and supporting declaration, testifying that on June 22, 2020, he served Keefe's agent for service of process by first class mail.

On November 13, 2020, Judge You issued Findings and Recommendation. ECF 98. Judge You recommended that this Court dismiss Plaintiff's claims against Keefe as time barred under the statute of limitations. Judge You restated Monical's response to the show cause order that delays were caused by the Court, but Judge You noted in response that the Court decided Monical's *in forma pauperis* application within a few weeks. Judge You performed a relation-back analysis in evaluating whether Monical's claim against Keefe was timely. Judge You concluded that Monical's claims against Keefe did not relate back to his claims against the Original Defendants. Based on the recommendation to dismiss under the statute of limitations, Judge You recommended that this Court deny the pending motions relating to service of process as moot.

Monical objected to Judge You's Findings and Recommendation. ECF 101. Monical raises a new argument, not raised before Judge You. Monical argues that the Court should toll the statute of limitations because Monical could not have discovered the identity of Keefe within the limitations period based on circumstances outside Monical's control, despite Monical's diligent prosecution of this case. Keefe responds that the Court should not consider this new argument. The Court exercises its discretion and considers Monical's new argument. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the court's discretion to consider new

arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court must consider new arguments raised in objections to a magistrate judge's findings and recommendation); *accord United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence). The Court, therefore, declines to adopt the Findings and Recommendation and considers the pending issues *de novo*.

## DISCUSSION

### A. Tolling

Monical argues that the Court should apply equitable tolling, citing the federal equitable tolling standard. The Ninth Circuit "appl[ies] equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). The U.S. Supreme Court has explained that "equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). In § 1983 claims, however, federal courts apply the tolling doctrine of the forum state. *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999).

Keefe argues that Oregon law does not allow for equitable tolling. The Oregon Tort Claims Act contains no specific equitable tolling provision. Monical provides no Oregon cases applying equitable tolling, and the Court was unable to find any. The Court must determine how the Oregon Supreme Court likely would rule if determining whether equitable tolling would apply under the circumstances of this case. *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990)

(stating that without specific state supreme court guidance, a federal court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance"). There are Oregon cases guiding this determination.

In 1999, the Oregon Supreme Court stated that "various circumstances can toll [statutes of limitations'] expiration." *Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 329 Or. 151, 162 (1999). The court did not explain what those "various circumstances" were, although one cited example was when an insurer failed to give timely notice of the running of the statute of limitations after making advance payment for damages. The Oregon Supreme Court distinguished statutes of limitations, which could be tolled, from statutes of repose, which generally could not be tolled. In 2017, the Oregon Court of Appeals reiterated this general principle, stating that "a statute of limitations may be tolled in certain circumstances but, with few exceptions, a statute of ultimate repose may not be tolled." *Cannon v. Or. Dep't of Justice*, 288 Or. App. 793, 798 (2017). Even Oregon tax courts have noted that in the nontax context, Oregon courts have applied equitable tolling for the statutes of limitations. *See, e.g.*, *Burns v. Multnomah Cnty. Assessor*, 2017 WL 2258974, at *2 (Or. T.C. May 23, 2017) ("In nontax contexts, other courts sometimes apply equitable tolling to set aside statutory deadlines.").

Courts in this district also have presumed equitable tolling is available under Oregon law under at least some circumstances. *See, e.g.*, *Allen v. Nw. Permanente, P.C.*, 2013 WL 865967, at *6 (D. Or. Jan. 2, 2013), *report and recommendation adopted as modified*, 2013 WL 865973 (D. Or. Mar. 7, 2013), *aff'd sub nom. Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024 (9th Cir. 2016) ("Equitable tolling is used sparingly in Oregon. The doctrine of equitable tolling

PAGE 7 – OPINION AND ORDER

allows a plaintiff to avoid a statute of limitations if, despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim. In other words, in Oregon, equitable tolling is available when circumstances outside the control of the affected party make it impossible to comply with a statute of limitations." (quotation marks and citations omitted)); *Rodriguez v. Williams*, 2010 WL 1542092, at *3 (D. Or. Feb. 25, 2010), *report and recommendation adopted*, 2010 WL 1541962 (D. Or. Apr. 14, 2010), *aff'd*, 447 F. App'x 850 (9th Cir. 2011) (noting Oregon's history of applying equitable tolling and concluding equitable tolling may be available in some circumstances but not under the circumstances of that case). Ninth Circuit opinions also provide some support for the proposition that Oregon accepts the doctrine of equitable tolling. *See, e.g.*, *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1048 (9th Cir. 2016) (stating that "equitable tolling is used sparingly in Oregon" (simplified)); *Quillin v. State of Or.*, 127 F.3d 1136, 1139 (9th Cir. 1997) ("However, it may be possible that the Oregon courts will invoke principles of equitable tolling in order to review these claims . . . .").

Given the discussions by Oregon courts and other courts applying Oregon law, as well as looking to the many state and federal jurisdictions that apply equitable tolling, the Court finds that the Oregon Supreme Court likely would apply equitable tolling under certain circumstances. Although Oregon courts have discussed "certain circumstances," "various circumstances," and that equitable tolling has been applied, the Court was unable to find an Oregon case delineating the circumstances under which equitable tolling has applied, should apply, or even stating a test for the application of equitable tolling. The Court need not set out a specific test that Oregon would apply, however, or explore the outer limits of a test under Oregon law, because the facts here clearly fall within the tests as described by the Supreme Court, Ninth Circuit, and other

jurisdictions. The Court finds that the Oregon Supreme Court likely would accept such clear circumstances as are present in this case under the general equitable tolling test.

The general equitable tolling test requires that a litigant establish (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way. *See Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012); *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019); *see also* 51 Am. Jur. 2d Limitation of Actions § 155 (collecting cases). "The first element requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances and asks whether the plaintiff was without any fault in pursuing his claim." *Booth*, 914 F.3d at 1207 (simplified). "The second element requires the litigant to show that extraordinary circumstances were the cause of his untimeliness and made it impossible to file the document on time." *Id.* (simplified).

Monical diligently pursued his rights, prosecuting his case and quickly serving discovery on the Original Defendants. Monical also opposed the motion for stay and sought to file an amended complaint dismissing the defendant involved in the assault allegations against Monical to avoid a stay. Monical did everything expected of a reasonable person in his circumstances pursuing his claim.

The running of the statute of limitations also was due to extraordinary circumstances beyond Monical's control. Monical states that he did not know that Keefe ran the commissary instead of the Jail itself. The Jail did not inform Monical of that fact, nor did any of the Original Defendants. The statute of limitations ran while the Original Defendants did not respond to Monical's early discovery request, before the stay and during the stay. Monical also was, and remains, incarcerated. Thus, he did not have as much access to information as someone not in custody would have had. Further, part of his allegations include that he does not have reasonable

PAGE 9 – OPINION AND ORDER

access to postage and paper, further hindering his ability to obtain information. Monical had no control over getting the information about Keefe from the Original Defendants or preventing the stay ordered by Judge You. The stay made it impossible for Monical to obtain the discovery or file a further amended complaint. Even after the stay was lifted, the Original Defendants did not quickly respond to Monical's discovery request. Only when Monical was ready to move to compel did the Original Defendants respond to Monical's discovery request. It was only through that discovery that Monical learned that Keefe, an outside contractor, ran the commissary. Within five weeks of receiving that discovery, Monical requested permission to file a Third Amended Complaint naming Keefe as a new defendant.

The Court finds that the circumstances of Plaintiff's inability to name Keefe until after the limitations period involves "sufficiently rare and exceptional circumstances that would warrant application of the doctrine." 51 Am. Jur. 2d Limitation of Actions § 153. The Court tolls the statute of limitations from June 8, 2018, when the Original Defendants moved to stay, until December 5, 2019, when they issued their discovery responses to Monical's 2018 discovery requests after Judge You lifted the stay. This tolls the statute of limitations for just under 18 months. Such tolling extends the original November 23, 2018 deadline for Monical's claims to May 20, 2020. The Third Amended Complaint is thus timely.

**B. Service of Process**

Keefe moves to dismiss Monical's claims under Rule 12(b)(5) of the Federal Rules of Civil Procedure dismiss for "insufficient process." When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4 of the Federal Rules of Civil Procedure (FRCP). *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th

Cir. 2017) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). "However, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.'" *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citation and quotation marks omitted)).

Rule 4 of the FRCP governs the sufficiency of process. Rule 4(h) offers two methods for serving a corporation, partnership, or association. One method of service under FRCP 4(h) is by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

FRCP 4(h)(1)(B).

Monical asserts that he discovered Keefe's existence through discovery from the Original Defendants, and that is where he obtained the name and address that he used in his summons. He named Jim Perry at the address seen in the document, as a Vice President, a presumed officer of Keefe. Keefe, on the other hand, asserts that Jim Perry does not work at the listed location and is no longer an employee of Keefe. The U.S. Marshals' form, however, does not suggest that a different person was served because the line for serving a different person is blank. The named person to be served is Jim Perry or the "current President/CEO." It is not clear whether Jim Perry, the current President/CEO of Keefe, or some other person was served by the U.S. Marshals. Thus, there is not sufficient information in the record for the Court to accept this service as personal or office service on Keefe.

The second method of service permitted under FRCP 4(h) is to follow state law for serving a summons. FRCP 4(h)(1)(A). Service of process on a limited liability corporation

(LLC) under Oregon law is governed by Rule 7D(3)(c) of the Oregon Rule of Civil Procedure (ORCP), which provides a primary service method and four service alternatives. The primary service method on an LLC is "personal service or office service upon a registered agent, manager, or (for a member-managed limited liability company) member of a limited liability company; or by personal service upon any clerk on duty in the office of a registered agent." ORCP 7D(3)(c)(i). As with service under FRCP 4(h), the service by the U.S. Marshals fails to meet this standard.

There are four other service alternatives under Oregon law when "a registered agent, manager, or, for a member-managed LLC, member of a LLC cannot be found in the county where the action is filed." ORCP 7 D(3)(c)(ii). Keefe asks the Court to take judicial notice of Keefe's business registry filing with the Oregon Secretary of State. This information shows that Keefe's registered agent is in Marion County and its manager is in Florida. Thus, alternate service is available to Monical.

Alternative service may be effectuated in four ways. The first is substituted service upon the registered agent, manager, or, for a member-managed LLC, member of an LLC. ORCP 7D(3)(c)(ii)(A). This did not occur. The second is personal service on any clerk or agent of LLC who may be found in the county where the action is filed. ORCP 7D(3)(c)(ii)(B). This did not occur. Another is by serving the Oregon Secretary of State in the manner provided in Oregon Revised Statutes § 63.121. ORCP 7D(3)(c)(ii)(D). This did not occur.

The final alternative service is mail service

> by mailing in the manner specified in paragraph D(2)(d) of this rule true copies of the summons and the complaint to: the office of the registered agent or to the last registered office of the limited liability company, as shown by the records on file in the office of the Secretary of State; or, if the limited liability company is not authorized to transact business in this state at the time of the

PAGE 12 – OPINION AND ORDER

> transaction, event, or occurrence upon which the action is based
> occurred, to the principal office or place of business of the limited
> liability company; and, in any case, to any address the use of which
> the plaintiff knows or has reason to believe is most likely to result
> in actual notice[.]

ORCP 7D(3)(c)(ii)(C).

Service by mail is further defined as:

> When service by mail is required or allowed by this rule or by
> statute, except as otherwise permitted, service by mail shall be
> made by mailing true copies of the summons and the complaint to
> the defendant by first class mail and by any of the following:
> certified, registered, or express mail with return receipt requested.
> For purposes of this paragraph, "first class mail" does not include
> certified, registered, or express mail, return receipt requested, or
> any other form of mail that may delay or hinder actual delivery of
> mail to the addressee.

ORCP 7D(2)(d)(i).

After Keefe moved to quash, Monical purported to again serve Keefe by mailing a copy of the summons and Third Amended Complaint by first class mail on June 22, 2020, to Keefe's registered agent. Judge You approved Keefe's motion for leave to file the Third Amended Complaint and ordered the service of process on March 26, 2020. Under Rule 4(m) of the Federal Rules of Civil Procedure, Keefe had 90 days from that date to serve Keefe. Thus, Monical's service on June 22, 2020, was timely.

The Court considers whether to accept Monical's second service, done only by first class mail alone. Mail service under Oregon law generally requires both first class mail *and* sending by certified mail, registered mail, or express mail return receipt requested. Oregon law, however, expressly allows a court to "otherwise" permit a different mail service. Under the circumstances of this case, the Court finds that it is appropriate to permit service only through first class mail. Further, the Court also could exercise its discretion to extend the date of service and allow Monical to additionally serve Keefe's registered agent by certified mail or for the U.S. Marshals

PAGE 13 – OPINION AND ORDER

to serve Keefe's registered agent. The Court finds, however, that to do so does not serve the interests of judicial economy, the best interests of the parties, or moving this case forward expeditiously. It would cause needless delay and expense. Keefe has actual notice and its registered agent has been served by first class mail. Both the Oregon and Federal Rules of Civil Procedure require substantial compliance. The Court finds that Monical has substantially complied with the rules under the current circumstances. Thus, the Court finds that Monical's service on Keefe by first class mail to Keefe's registered agent is sufficient service. Keefe's motion to dismiss based on insufficient service is denied.

## CONCLUSION

The Court declines to adopt the Findings and Recommendation (ECF 98). Keefe's Motion to Quash and Dismiss (ECF 89) is DENIED. Monical's motion to extend time for service of process (ECF 93) is DENIED AS MOOT.

**IT IS SO ORDERED.**

DATED this 22nd day of January, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge