IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRADLEY W. MONICAL**,

    Plaintiff,

v.

**MARION COUNTY,** *et al.*,

    Defendants.

Case No. 6:18-cv-103-YY

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on September 12, 2022 and March 10, 2023. Judge You recommended that this Court grant the motions for summary judgment filed by Defendants for failure to exhaust administrative remedies and deny as futile Plaintiff's motion for leave to file a Fourth Amended Complaint. Judge You also issued a nondispositive Order on December 19, 2022, denying Plaintiff's motion for sanctions.

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a

PAGE 1 – ORDER

dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021).

Plaintiff filed objections to both Findings and Recommendations and to Judge You's nondispositive Order. Plaintiff filed new evidence in support of his objections. The Court

PAGE 2 – ORDER

exercises its discretion and considers Plaintiff's new evidence.[1] *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the court's discretion to consider new arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court must consider new arguments raised in objections to a magistrate judge's findings and recommendation); *accord United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence).

### A.  Dispositive Motions

The Ninth Circuit has "describe[d] the procedure that [it] believes will best achieve the purposes of the exhaustion doctrine in PLRA cases, consistent with the Federal Rules." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). Recognizing that "the exhaustion question in PLRA cases should be decided as early as feasible," *id.*, the Ninth Circuit explained:

> If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts.

*Id.* at 1166. In such circumstances, where "summary judgment is not appropriate, the district judge may decide disputed questions of fact in a preliminary proceeding." *Id.* at 1168. Thus, "[i]f a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Id.* at 1170-71.

---

[1] The Court notes that some of the new evidence attached to Plaintiff's objections to the Findings and Recommendation resolving Defendants' motions for summary judgment were before Judge You in evaluating Plaintiff's motion to amend and referenced in considering futility.

PAGE 3 – ORDER

The Court has considered de novo both Findings and Recommendation, Plaintiff's objections and attached evidence, and the responses by Keefe Commissary Network LLC (Keefe) and the Marion County Defendants (Marion County and the individual defendants employed by the county). The Court agrees with Judge You that Plaintiff's filings, viewing the facts in the light most favorable to Plaintiff, create disputed issues of fact regarding administrative exhaustion. Thus, as instructed by the procedure described in *Albino*, the Court denies Defendants' motions for summary judgment on the grounds of exhaustion.

That, however, does not end the exhaustion analysis because Judge You held an evidentiary hearing to determine the facts and resolve exhaustion in a preliminary proceeding. Although Judge You expressed her opinion as recommending granting summary judgment on exhaustion, the Court construes her opinion as a recommended findings of fact and conclusion of law to dismiss for failure to exhaust. *See, e.g.*, *Grant v. Rios*, 2022 WL 14856591, at *11 (E.D. Cal. Oct. 26, 2022), *report and recommendation adopted*, 2022 WL 17812745 (E.D. Cal. Dec. 19, 2022) (recommending that motion for summary judgment based on exhaustion be denied because there were disputed issues of fact but, after holding evidentiary hearing, issuing factual findings and recommending that the case be dismissed for the plaintiff's failure to exhaust).

After carefully evaluating the evidence from the hearing, Judge You concluded that it is not credible that Plaintiff submitted any grievance for his claims relating to access to the law library, conditions of confinement relating to exercise and the shower, an alleged assault by correctional officers and failure to protect, and inadequate medical care after a slip-and-fall accident. Judge You also found that an administrative remedy for these complaints was effectively available to Plaintiff. Thus, Judge You recommended that the Court dismiss these claims for failure to exhaust. The Court has considered these claims *de novo* and agrees with and

adopts Judge You's analysis. The Court adds that with respect to Plaintiff's grievance regarding the alleged assault, had Plaintiff filed the grievance along with the other grievance he filed the day before he was transferred, the Marion County Jail (Jail) would have deemed the grievance terminated upon Plaintiff's custodial transfer based on the policy in effect at the time. But then the failure to exhaust would not have been Plaintiff's fault, and exhaustion likely would not have been effectively available to him. The problem is that he did not submit any grievance at all.

Plaintiff's fifth claim, alleging violations of his rights under the First Amendment, has two separate grounds. The first is based on an alleged overcharge of postage prepaid envelopes in the commissary. The second is based on an order restricting him from contacting his children. For the first, Plaintiff argues that exhaustion should be excused because it was not effectively available. Before Judge You, Plaintiff provided a "combined declaration" that was largely unhelpful and his own testimony. Judge You found Plaintiff's testimony that deputies would not provide grievance forms for certain types of complaints not to be credible.

With Plaintiff's objections, however, he provides the Declaration of Robert Davis, who attests that he was housed with Plaintiff in Jail and that Mr. Davis personally witnessed Plaintiff requesting grievance forms on several occasions and the deputies refusing to provide the requested grievance forms, including a grievance form relating to envelopes and postage. ECF 233 at 44-49. Mr. Davis also states that he, too, requested grievance forms on more than one occasion and was refused. *Id.* In light of this new evidence, the Court declines to adopt the conclusion that the Jail's grievance procedure was effectively available for all types of complaints, including for this particular alleged grievance. *See, e.g.*, *Albina*, 747 F.3d at 1173 ("In *Marella v. Terhune*, 568 F.3d 1024 (9th Cir.2009) (per curiam), we reversed a district court's dismissal of a PLRA case for failure to exhaust because the inmate did not have access to

PAGE 5 – ORDER

the necessary grievance forms within the prison's time limits for filing a grievance."). Thus, the Court declines to dismiss this claim for failure to exhaust.

Judge You, however, also considered this claim on the merits. Judge You discussed that prisoners do not have a right to purchase items from the commissary or to have items offered to them at a reasonable price. *See* ECF 205 at 27 (citing cases). The Court agrees and adopts this portion of the Findings and Recommendation. "Inflated commissary prices do not provide a basis for a constitutional claim because there is no constitutional right to purchase items from the canteen." *Venegas v. Bianco*, 2022 WL 19913359, at *15 (C.D. Cal. Nov. 15, 2022) (citing cases); *see also Ingram v. Thurmon*, 2019 WL 2422604, at *2 (W.D. Wash. June 7, 2019) ("Price gouging may be improper, but prisoners and their families do not have a right to cheap commissary prices."). The Court grants summary judgment on this claim on the merits.

Regarding Plaintiff's second claim from his fifth cause of action, challenging the order precluding him from contacting his children, Plaintiff objects that the grievance process was not effectively available. It is undisputed that Plaintiff completed the first steps of the grievance process but did not complete the final step—submitting a written appeal. Under the Jail's grievance policy in effect at the time, however, that step has no time limit. Thus, at any time before Plaintiff was released from county custody and transferred to state custody, he could have submitted his appeal. In theory, he could submit his appeal today.[2] Indeed, he unsuccessfully attempted to do so in late 2022. But under another provision of the Jail's grievance policy in effect at the time, upon his release his grievance was considered terminated. Because his right to appeal ended not through his failure to timely assert his rights but through the termination of his

---

[2] Submitting an appeal today would not suffice for exhaustion for several reasons, including that it is improper under the Jail's policy given that Plaintiff is no longer incarcerated at the jail and because exhaustion generally must be completed presuit, as discussed by Judge You in her Findings and Recommendation relating to Plaintiff's motion to amend his complaint.

PAGE 6 – ORDER

grievance under the Jail's policy upon his release from custody, the Court concludes that Plaintiff did not have the ability to fully exhaust under the policy. The Jail wrote the policy, and the Jail could have included a deadline by which an appeal must be filed. The Jail declined to do so. Thus, Plaintiff's ability to invoke the grievance policy was rendered impossible by the policy's conflicting terms under the circumstances of his case (unlimited time to appeal, release into another custodial confinement[3]). The Court therefore declines to adopt the portion of the Findings and Recommendation to dismiss this claim on exhaustion grounds.

Judge You, however, addressed the merits of this claim in her Findings and Recommendation on Plaintiff's motion for leave to amend his complaint. Judge You concluded that the County Defendants had a legitimate penological reason for temporarily limiting plaintiff's contact with his children. The Court agrees and dismisses this claim on the merits, as well as adopting Judge You's Findings and Recommendation to deny Plaintiff's motion to amend as futile.

## B. Nondispositive Order

Plaintiff objects to Judge You's denial of Plaintiff's motion for sanctions. Plaintiff had requested sanctions, arguing that the County failed timely to produce the Inmate Grievance policy in response to Plaintiff's discovery requests. Judge You found that the document was not responsive to any document request and thus was not required to have been produced.

Plaintiff objects that Defendants knew at the time they filed their motions for summary judgment that their own policy defeated their motions. Plaintiff contends Defendants lied to the Court and are deserving of sanctions.

---

[3] Had Plaintiff been released outside of custodial confinement, he could file suit. Because he was released through a transfer to another custodial setting, however, he is still subject to the exhaustion requirement.

PAGE 7 – ORDER

Judge You's factual findings are not clearly erroneous.[4] The Court also finds that Judge You applied the correct legal standards. The Court overrules Plaintiff's objections to Judge You's December 19, 2022 Order.

## C. Conclusion

The Court ADOPTS IN PART Judge You's Findings and Recommendation, ECF 205. The Court DENIES IN PART AND GRANTS IN PART Defendant Keefe Commissary's motion for summary judgment, ECF 136, and the County Defendants' motion for summary judgment, ECF 137. The Court grants summary judgment on Plaintiff's fifth claim. The Court denies summary judgment on all remaining claims. The Court, however, dismisses the remaining claims after considering the issue of exhaustion on the merits and adopting Judge You's findings of fact and conclusions of law. The Court DENIES AS MOOT Plaintiff's Motion for Partial Summary Judgment, ECF 122. The Court ADOPTS Judge You's Findings and Recommendation, ECF 265. The Court DENIES Plaintiff's Motion for Leave to File Fourth Amended Complaint, ECF 241. The Court OVERRULES Plaintiff's objections to Judge You's Order, ECF 253, denying Plaintiff's motion for sanctions.

**IT IS SO ORDERED.**

DATED this 5th day of July, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[4] The Court notes a scrivener's error on page 26 of the Findings and Recommendation. The statement "plaintiff failed to serve the First Request for Admission without sufficient time for the County Defendants to respond" should read "plaintiff failed to serve the First Request for Admission with sufficient time for the County Defendants to respond."